UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

GARY W. SKEEN,
Plaintiff-Appellant,

v.

SAMUEL L. ORR, Officer; J. TUTEN,

No. 96-6011

Officer; MARY MILLER, Sergeant;
NEAL HESTER; JANE DOE; JOHN DOE;
SANDRA M. HUMMEL,
Defendant-Appellees.

Appeal from the United States District Court
for the District of South Carolina, at Charleston.
David C. Norton, District Judge.
(CA-94-2216-2-18AJ)

Submitted: July 2, 1996

Decided: August 15, 1996

Before MICHAEL and MOTZ, Circuit Judges, and BUTZNER,
Senior Circuit Judge.

_____

Affirmed in part, vacated in part, and remanded by unpublished per
curiam opinion.

_____

**COUNSEL**

Gary W. Skeen, Appellant Pro Se. James Michael Holly, Robin
Anderson Braithwaite, Gary Hudson Smith, III, BRAITHWAITE,
MCCANTS & SMITH, Aiken, South Carolina, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Gary W. Skeen, a South Carolina prisoner, appeals the district court's dismissal of his complaint pursuant to 42 U.S.C. § 1983 (1988), on Defendants' summary judgment motion. For the reasons set forth below, we affirm in part, vacate in part and remand for further proceedings.

Skeen claimed that, while he was serving as a law clerk in the prison library, six inmates from the Administrative Segregation Unit ("ASU inmates") were brought to the library accompanied by Defendant Tuten, a correctional officer. Skeen asserted that the ASU inmates verbally harassed him and then struck him. Tuten allegedly did nothing but tell the inmates to "chill out." Skeen then left the library looking for another guard and returned with Defendant Orr, another correctional officer.

Upon returning, Skeen was allegedly approached by three ASU inmates who beat and kicked him. Skeen was then ordered to leave the library. Skeen asserted that Defendants Miller and Hester, supervisory prison officials, and Hummel, an assistant librarian, were responsible for the actions of Orr and Tuten and the security of the library.

Skeen also claimed that, in retaliation for being named as a Defendant, Hummel was responsible for a shakedown inspection of his cell which gave rise to unjustified institutional charges against him and the confiscation of his legal papers.

Defendants attested that only verbal assaults occurred before Orr entered the room. After Orr appeared, three inmates continued to curse at Skeen. Tuten "interceded and resolved that dispute." Then,

2

one inmate assaulted Skeen, and Orr and Tuten intervened and sub-
dued the inmate. Orr then asked Skeen to leave the library.

In response to Defendants' summary judgment motion, Skeen filed
an affidavit in which he attested that Officer Tuten failed to intervene
when the inmates rushed him, struck him in the face, and knocked off
and broke his glasses. He also asserted that Tuten and Orr "stood by
and watched" while he was beaten and kicked a second time.

Summary judgment is appropriate only when there is no genuine
issue of material fact that could lead a trier of fact to find for the non-
moving party. Anderson v. Liberty Lobby, Inc. , 477 U.S. 242, 247-48
(1986); Miller v. Leathers, 913 F.2d 1085, 1087 (4th Cir. 1990) (en
banc), cert. denied, 498 U.S. 1109 (1991)."In determining whether
to grant summary judgment, all justifiable inferences must be drawn
in favor of the non-movant." Miltier v. Beorn , 896 F.2d 848, 852 (4th
Cir. 1990) (citing Anderson, 477 U.S. at 255). The non-movant is
entitled "to have the credibility of his evidence as forecast assumed,
his version of all that is in dispute accepted,[and] all internal conflicts
[ ] resolved favorably to him." Charbonnages de France v. Smith, 597
F.2d 406, 414 (4th Cir. 1979). This Court reviews de novo a district
court's grant of summary judgment. Shaw v. Stroud, 13 F.3d 791, 798
(4th Cir. 1994), cert. denied, ___ U.S. ___, 63 U.S.L.W. 3222 (U.S.
Oct. 3, 1994) (No. 93-1893). To raise a genuine issue of material fact,
Skeen may not rest upon the mere allegations or denials of his plead-
ings. Fed. R. Civ. P. 56(e). Rather, he must present evidence support-
ing his position through "deposition, answers to interrogatories, and
admissions on file, together with . . . affidavits, if any." Celotex Corp.
v. Catrett, 477 U.S. 317, 322 (1986).

We find first that the district judge's grant of summary judgment
on Skeen's retaliation claim was proper. See Adams v. Rice, 40 F.3d
72, 75 (4th Cir. 1994), cert. denied, #6D 6D6D# U.S. ___, 63 U.S.L.W. 3690
(U.S. Mar. 20, 1995) (No. 94-7733) (in order to state a claim for retal-
iation, an inmate must show that the alleged retaliation had an adverse
impact on the exercise of his constitutional rights).

We turn next to Skeen's claim that Defendants Tuten and Orr stood
by and watched while other prisoners assaulted him without interced-
ing. The Eighth Amendment prohibition against cruel and unusual

3

punishment imposes upon correctional officers the obligation to protect inmates from harm by other inmates. See, e.g., Smith v. Marcantonio, 910 F.2d 500, 501 (8th Cir. 1990). To succeed on his claim of failure to protect, Skeen must show that Orr and Tuten had knowledge of a substantial or pervasive risk of serious harm and acted with deliberate indifference to Skeen's safety by failing to correct the situation. Farmer v. Brennan, ___ U.S. ___, 62 U.S.L.W. 4446, 4451 (U.S. June 6, 1994) (No. 92-7247); Moore v. Winebrenner, 927 F.2d 1312, 1315 (4th Cir. 1991), cert. denied, 502 U.S. 828 (1991); see also Wright v. Jones, 907 F.2d 848, 850 (8th Cir. 1990) (a prison official acts with deliberate indifference to an inmate's safety when the official is present at the time of an assault and fails to intervene or otherwise act to end the assault).

In granting summary judgment for Defendants, the district court held that Skeen had not submitted evidence showing that the assailants had previously posed a danger to Skeen or that Defendants were aware of any risk of serious harm prior to the incident. The district court further found that Tuten took steps to protect Skeen by speaking to the inmates. The fact that the steps turned out to be ineffective did not state a constitutional claim. However, in making this determination, the district court necessarily believed Defendants' version of the story over Skeen's.

Had Tuten and Orr in fact stood by watching while three inmates beat Skeen, after Tuten had watched these inmates beat Skeen moments before, doing nothing to assist Skeen until he had already suffered injury, this inaction might state a viable claim of deliberate indifference. In contrast, if the first physical assault did not occur until Orr arrived, and Tuten and Orr immediately ended the assault once it began, deliberate indifference would not be established.

Here, a fair reading of the record, construed in the light most favorable to Skeen, reveals genuine issues of material fact as to whether there were two physical assaults and whether Tuten and Orr saw an assault and failed to intercede in deliberate indifference to Skeen's safety. Because the outcome of the case depends on the resolution of disputed facts which will turn mostly on credibility, the case should proceed to a fact finder. Accordingly, while we express no opinion as

4

to the merits of Skeen's claim, we vacate the district court's grant of summary judgment on this issue, and remand for further proceedings.

The remaining issues on appeal were waived by Skeen's failure to raise them in his objections to the magistrate judge's report and recommendation. Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985). Therefore, we affirm the district court's order as to all claims and Defendants except for the failure to protect claim against Tuten and Orr which we vacate and remand for further proceedings. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART, VACATED IN PART, AND REMANDED

5